# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES E. WALKER,<br><br>    Petitioner,<br><br>    v.<br><br>JOHN DOVEY, Director of Corrections,<br><br>    Respondent. | Case No. CV 08-5587-SGL (JTL)<br><br>ORDER TO SHOW CAUSE WHY PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED FOR FAILURE TO PROSECUTE |

    On August 26, 2008, Charles E. Walker ("Petitioner"), a prisoner in state custody, filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. Section 2254 in the United States District Court for the Central District of California.

    On September 30, 2008, the Court issued an Order Dismissing the Petition for Writ of Habeas Corpus with Leave to Amend. In the Order, the Court found that the Petition contained the following deficiencies: (1) Petitioner failed to name the proper respondent and (2) it appeared that Petitioner had failed to exhaust his state court remedies with respect to his claims for relief. (September 30, 2008 Order at 1-2). In the Order, the Court explained that a state prisoner must exhaust his state court remedies before petitioning for a writ of habeas corpus in federal court.[1] (See id.). The Court also explained that a petitioner satisfies the

---

[1] See 28 U.S.C. § 2254(b); Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam).

exhaustion requirement if the petitioner has fairly presented the federal claims to the state courts in order to give the state the opportunity to pass upon alleged violations of the prisoner's federal rights, and that a claim has been fairly presented to the state's highest court if the petitioner has described both the operative facts and the federal legal theory on which the claim is based.[2] (See September 30, 2008 Order at 2). The Court stated that Petitioner failed to allege in the Petition that he had raised any of his claims for relief before the California Supreme Court. As such, it appeared that Petitioner failed to exhaust his state court remedies on his claims. (Id.). Thus, the Court directed Petitioner to file no later than October 21, 2008[3] one of the following: (1) a First Amended Petition naming the proper respondent and indicating that he had indeed exhausted his state remedies as to all of the claims raised in the Petition by raising them in a petition for review or a petition for writ of habeas corpus that had been decided by the California Supreme Court; or (2) a Notice of Intent to Voluntarily Dismiss the Petition, informing the Court that he wishes to voluntarily dismiss the entire Petition without prejudice in order to return to state court for the purpose of exhausting his state remedies on all claims and later return to federal court with a new habeas petition containing only exhausted claims. (See id. at 3-4). The Court also admonished Petitioner that his failure to timely respond to the Court's Order may result in a recommendation that the action be dismissed without prejudice for failure to exhaust state remedies and failure to prosecute. (Id. at 4).

Subsequently, on November 3, 2008, the Court issued an Order sua sponte extending the time for Petitioner to file a First Amended Petition to November 12, 2008. To date, Petitioner has not filed a First Amended Petition, nor has he requested an extension of time to do so.

Therefore, because Petitioner has failed to comply with the Court's September 30, 2008 Order, the Court **ORDERS** Petitioner to show cause in writing why the Petition should not be

---

[2] See Duncan, 513 U.S. at 365-66.

[3] The Court ordered Petitioner to file a responsive pleading within twenty-one (21) days of the Court's September 30, 2008 Order, which was on or before October 21, 2008.

1 dismissed without prejudice for failure to exhaust state remedies and for failure to prosecute.
2 Petitioner's Response to the Court's Order to Show Cause shall be due within ten (10) days of
3 the date of this Order.  Petitioner's failure to respond to this Order to Show Cause will be
4 deemed as consent to the dismissal of this case, and the Court will recommend that the matter
5 be dismissed without prejudice.

6 DATED: November 24, 2008

7
                                    /s/
                              JENNIFER T. LUM
8                             UNITED STATES MAGISTRATE JUDGE

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28